IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC HOUSTON, | : | CIVIL NO. 3:12-CV-910 |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| LIEUTENANT CONDOZA, et al., | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| ERIC HOUSTON, | : | CIVIL NO. 3:12-CV-1499 |
| Plaintiff, | : | |
| v. | : | (Judge Munley) |
| | : | |
| R. PACKER, et al., | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM AND ORDER

**Background**

Eric Houston, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg) initiated the two above captioned pro se this civil rights complaints. Both of Plaintiff's actions are accompanied by in forma pauperis applications.[1]

Plaintiff's initially filed action, Civil Action No. 3:CV-12-910, names as Defendants the following USP-Lewisburg officials: Lieutenant Condoza; Correctional Officers S. Prutzman and E. Wert; Officer in Charge L. Manning; Lieutenant Saylor; and Range Officer

---

[1] Houston also submitted proposed supplements to his initially filed Complaint. (Docs. 8 & 9.) Neither of Plaintiff's submissions can adequately stand as an amended complaint.

Hicenilmen. The rambling at times illegible Complaint generally asserts that Houston is being subjected to racially motivated retaliatory mistreatment including verbal threats, physical torture, inadequate living conditions, and mail interference. Houston references incidents which allegedly transpired on January 11, 2012, December 18, 2011 and March 7, 2012. See Doc. 1, p. 4. However, he offers no details whatsoever as to what transpired on those dates. Simply pu,t due to the disjointed narrative set forth in the Complaint, the exact nature of Plaintiff's claims against the respective Defendants is unknown. Plaintiff seeks injunctive relief and monetary damages.

Named as Defendants in Plaintiff's second action, Civil Action No. 3:CV-12-1499, are the following USP-Lewisburg officials Correctional Officer R. Packer; T. Hardy, So. Brinninger; B. Shirks and Lieutenant Knapp. Once again the Complaint is a rambling at times illegible narrative. Houston raises similar vague contentions of being subjected to racially motivated mistreatment, including verbal threats, false misconduct charge, and excessive force, at USP-Lewisburg. The Complaint indicates that one of the incidents of physical abuse occurred on July 5, 2012,[2] however, it is unclear as to whether any of the named Defendants participated in that alleged mistreatment.

### Discussion

**Consolidation**

Rule 42 (a) of the Federal Rules of Civil Procedure states:

---

[2] An exhibit attached to the Complaint shows that Plaintiff was issued a disciplinary report on said date which alleged that he was in possession of a weapon. (Doc. 1, p. 14)

2

> (a) **Consolidation.** If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

Both complaints are set forth in a disjointed at times indiscernible manner which lack adequate factual detail. Despite those deficiencies, it is apparent the facts set forth in each of the above described complaints are similar in almost all respects. As noted earlier, the arguments set forth in the respective actions similarly claim that Houston was subjected to racially motivated retaliatory mistreatment, including verbal and physical abuse by the USP-Lewisburg staff between January-July, 2012.

Consequently, since the above described actions contain common factors of law and fact, this Court will order the consolidation of Houston's latest complaint into his initially action pursuant to Rule 42(a) and will proceed with the consolidated matter under Plaintiff's initially filed action, Civil Action No. 3:CV-12-910.

**Amend Complaint**

Pro se parties are accorded substantial deference and liberality in federal court. Haines v. Kerner, 404 U.S. 519 (1972); Hughes v. Rowe, 449 U.S. 5 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for

judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in civil rights cases, a civil rights complaint, in order to comply with Rule 8, must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer.[3] A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

Under even the most liberal construction, Houston's consolidated complaints and supplements do not comply with Rule 8. Due to their length and recitation of unnecessary factual information and case citations, Defendants are not given fair notice of Plaintiff's claims and the concise grounds upon which they rest. It is particularly noted that Plaintiff does not provide descriptions of the mistreatment he allegedly received at USP-Lewisburg. His amended complaint should provide a brief factually specific description of each alleged unconstitutional act including the date the mistreatment occurred and identifying which Defendants were involved.

Consequently, Houston will be directed to file an amended complaint of no more then twenty-five (25) pages in length, which states each claim he wishes to pursue in a clear and concise manner; identifies all defendant[s], and specifies the relief he is seeking. See <u>Salahuddin v. Cuomo</u>, 861 F.2d 40 (2d Cir. 1988).

---

[3] In <u>Leatherman v. Tarrant County Narcotics Unit</u>, 507 U.S. 163 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to civil rightsactions. The Court noted that a civil rights complaint need only to comply "with the liberal system of 'notice pleading' set up by the Federal Rules." <u>Id.</u> at 167.

Plaintiff is advised that in order to state a viable civil rights claim he must make a showing that the conduct complained of was committed by a person acting under color of law and that said conduct deprived him of a right, privilege, or immunity secured by the Constitution or by a statute of the United States. Cohen v. City of Philadelphia, 736 F.2d 81, 83, cert. denied, 469 U.S. 1019 (1984). A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of his constitutional rights. Monell v. Department of Social Serv. of the City of N.Y., 436 U.S. 658, 694-95 (1978); Gay v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990); Capone v. Marinelli, 868 F.2d 102, 106 n.7 (3d Cir. 1989). This is the personal involvement requirement. Civil rights liability may not be imposed on the principle of respondeat superior. Capone v. Marinelli, 868 F.2d at 106 (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)).

Houston is also reminded that his amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the consolidated complaints previously filed. The amended complaint should set forth Plaintiff's claims in short, concise and legible statements. It should specify which actions are alleged as to which Defendants. Failure of the Plaintiff to timely submit an amended complaint or otherwise respond to this Order will result in dismissal of his action for failure to prosecute. An appropriate Order will enter.

AND NOW, to wit, this 9th day of November, 2012, it is hereby **ORDERED** that:

1. The Clerk of Court is directed to **CONSOLIDATE** Houston v. Packer, et al., Civil No. 3:CV-12-1499 into Houston v. Condoza, et al., Civil No. 3:CV-12-910, pursuant to Federal Rule of Civil Procedure 42(a).

2. The Clerk of Court is directed to **CLOSE** the case of Houston v. Packer, et al.,

Civil No. 3:CV-12-1499.

3. Within twenty-one (21) days of the date of this order, Plaintiff may file and serve an amended complaint which is in compliance with Federal Rule of Civil Procedure 8(e) and does not exceed twenty-five (25) pages in length.[4]

4. Failure of the Plaintiff to timely submit a proper amended complaint or otherwise respond to this Order will result in dismissal of his action for failure to prosecute.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

---

[4] Attached to this Order is a form civil rights complaint which this Court routinely provides to pro se litigants.

**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

(1) _____
   (Name of Plaintiff)   (Inmate Number)

_____
   (Address)

(2) _____
   (Name of Plaintiff)   (Inmate Number)

_____
   (Address)

(Each named party must be numbered,
and all names must be printed or typed)

vs.

(1) _____

(2) _____

(3) _____
   (Names of Defendants)

(Each named party must be numbered,
and all names must be printed or typed)

_____
(Case Number)

CIVIL COMPLAINT

TO BE FILED UNDER: _____ 42 U.S.C. § 1983 - STATE OFFICIALS
                                      _____ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I.    **PREVIOUS LAWSUITS**

    A.    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

        _____

        _____

        _____

        _____

1

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

    A.    Is there a prisoner grievance procedure available at your present institution? ____Yes ____No

    B.    Have you fully exhausted your available administrative remedies regarding each of your present claims? ____Yes ____No

    C.    If your answer to "B" is <u>Yes</u>:

        1. What steps did you take? _____

        2. What was the result? _____

    D.    If your answer to "B" is <u>No</u>, explain why not: _____

III. **DEFENDANTS**

    (1) Name of first defendant: _____

    Employed as _____ at _____
    Mailing address: _____
    (2) Name of second defendant: _____
    Employed as _____ at _____
    Mailing address: _____
    (3) Name of third defendant: _____
    Employed as _____ at _____
    Mailing address: _____
    (List any additional defendants, their employment, and addresses on extra sheets if necessary)

IV. **STATEMENT OF CLAIM**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

    1. _____

    2. _____

    3. _____

**V.   RELIEF**

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

    1. _____

    2. _____

    3. _____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _____ day of _____, 20\_\_\_\_.

_____
(Signature of Plaintiff)